IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP GORDON,

    Plaintiff

vs.                                    CASE NO.:

CVS PHARMACY, INC.,

    Defendant

_____/

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS") files this Notice of Removal to Federal Court. Defendant is removing the action filed against it by Philip Gordon in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (Case No. 07-4380CI). The United States District Court for the Middle District of Florida has original jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Thus, removal is proper under 28 U.S.C. § 1441. Attachment 1 to this Notice of Removal to Federal Court contains a copy of all process, pleadings and orders served upon Defendant CVS in this action. Attachment 2 to this Notice of Removal to Federal Court is a copy of the Notice to Adverse Parties of Filing of Notice of Removal to Federal Court. Attachment 3 to this Notice of Removal to Federal Court is a copy of the Notice to State Court of Removal to Federal Court. As grounds for removal, Defendant shows the Court:

1. CVS is the only named Defendant in this action, entitled "PHILIP GORDON, Plaintiff, v. CVS PHARMACY, INC., a foreign corporation, Defendant."

2. This action was commenced on or about May 11, 2007 by Plaintiff Philip Gordon ("Plaintiff" or "Gordon"), a resident of the State of Florida.

3. Plaintiff alleges violations of the Florida Whistleblower Act, Section 448.101 *et seq.* Specifically, Plaintiff alleges that his employment was terminated in response to his alleged refusal to participate in and opposition to unlawful retaliation against an employee, in purported violation of the Florida Whistleblower Act. Complaint ¶¶ 16-17. CVS denies Plaintiff's allegations.

4. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a). This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Upon information and belief, Plaintiff is a resident and citizen of the State of Florida.

6. CVS is now, and was at the time this action was commenced, not a citizen of the State of Florida within the meaning of 28 U.S.C. § 1332(c)(1), because CVS is now, and was at the time this action commenced, a corporation incorporated under the laws of the State of Rhode Island with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

7. The amount in controversy of Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs, because:

2

a. In his Complaint, Plaintiff seeks "lost wages, bonuses and benefits of employment, front pay in lieu of reinstatement, and compensatory damages to the maximum extent allowed by law ... and [his] costs and attorneys' fees incurred..." Complaint at p. 4. Plaintiff also alleges that he "is obligated to pay his legal counsel a reasonable fee and the costs incurred in the prosecution of this action." Complaint ¶ 14.

b. Plaintiff's employment was terminated on April 10, 2007. At the time Plaintiff's employment was terminated, his annual salary was $65,332.80. *See* "Job Summary" detailing Plaintiff's annual salary, attached as Exhibit "A."

c. Plaintiff's demand for alleged back pay and front pay alone exceed the amount of one year's salary, and exceed $75,000.00.

d. Plaintiff also pleads that he suffered "embarrassment and emotional distress." Complaint ¶ 20.

e. Plaintiff's damages as pled seek money damages to the maximum extent allowed by law. Along with Plaintiff's demand for compensation for bonuses and benefits and claim for attorneys' fees, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. *See, e.g., Barnes v. Jetblue Airways Corp.*, No. 07-60441-CIV-COHN, 2007 WL 1362504, *2 (S.D. Fla. May 7, 2007) (denying the plaintiff's motion to remand to state court because $75,000.00 amount in controversy was met because plaintiff's total compensation from

defendant was approximately $25,317.00 in wages and $7,913.00 in benefits; taking into account mitigation of damages, total maximum economic damages were $33,400; holding also that Plaintiff's claim for emotional distress damages could "easily match the amount of $33,400 in economic damages"; along with claim for attorneys' fees (and without even addressing the request for front pay), the Court determined that the amount in controversy was met.).

8. This Notice is timely filed within thirty (30) days of the receipt of the Summons and Complaint by CVS, which occurred on May 21, 2007. See 28 U.S.C. § 1446(b). The Complaint and Summons, which consist of all pleadings, process and orders in State Court at the time of removal, are included in Attachment 1.

9. Venue is proper in this Court under 28 U.S.C. § 1441(a).

10. Notice to Adverse Parties of Filing of Notice of Removal to Federal Court is being provided to Plaintiff herewith, as provided in 28 U.S.C. § 1446(d). See Attachment 2.

11. Notice to State Court of Removal to Federal Court is being filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida as provided by 28 U.S.C. § 1446(d). See Attachment 3.

WHEREFORE, Defendant respectfully requests that the above-styled action pending in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida be removed to this Court.

Respectfully submitted this 8th day of June, 2007.

*Helen A. Palladeno*
Helen A. Palladeno
Florida Bar No.: 186831
Ignacio J. Garcia
Florida Bar No.: 423440
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.1
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
(813) 289-1247 (Telephone)
(813) 289-6530 (Facsimile)
Email: helen.palladeno@ogletreedeakins.com
Email: ignacio.garcia@ogletreedeakins.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** on all parties by depositing the same in the United States mail, via first-class prepaid, and addressed as follows:

David S. Shankman
SHANKMAN, LEONE & WESTERMAN, P.A.
215 W. Verne Street, Suite A
Tampa, Florida 33606

This 8th day of June 2007.

*Helen A. Palladeno*
Helen A. Palladeno, Esq.

**EXHIBIT A**

Job Summary                                                                 Page 1 of 1

New Window | Help

## Job Summary

Gordon,Philip                    Employee            EmplID: 0108934

**Job Information**                             Customize | Find | View All   First ◁ 1-

General | Job Information | Work Location | **Compensation**

| Eff Date | Sequence | Annual Rt | Monthly Rt | Daily Rt | Hrly Rate | Currency | Change Percent | C |
|---|---|---|---|---|---|---|---|---|
| 04/10/2007 | 0 | $65,332.800 | $5,444.400 | $251.280 | $27.920000 | USD | 0.000 | C |
| 04/01/2007 | 0 | $65,332.800 | $5,444.400 | $251.280 | $27.920000 | USD | 1.935 | C |
| 03/11/2007 | 0 | $64,092.600 | $5,341.050 | $246.510 | $27.390000 | USD | 0.000 | C |
| 12/17/2006 | 0 | $62,220.600 | $5,185.050 | $239.310 | $26.590000 | USD | 0.000 | C |
| 07/09/2006 | 0 | $62,220.600 | $5,185.050 | $239.310 | $26.590000 | USD | 0.000 | C |
| 04/02/2006 | 0 | $59,810.400 | $4,984.200 | $230.040 | $25.560000 | USD | 5.012 | C |
| 04/03/2005 | 0 | $56,955.600 | $4,746.300 | $219.060 | $24.340000 | USD | 0.000 | C |

Return to Search | Notify

# ATTACHMENT 1

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

PHILIP GORDON,

    Plaintiff,

v.                                      Case No:

CVS PHARMACY, INC., a foreign
corporation,

    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PHILIP GORDON ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, CVS PHARMACY, INC. ("Defendant"), for violations of the Florida Whistleblower Act, Section 448.101 et. seq., Fla. Stat., and in support thereof states as follows:

1. This is an action for damages in excess of $15,000.00.

2. Venue is proper in this Court, pursuant to Fla. Stat. § 47.011, in that Defendant is a foreign corporation conducting business in Pinellas County, Florida and the conduct complained of herein occurred in Pinellas County, Florida.

3. The legal basis for Plaintiff's claims is the Florida Whistleblower Act ("FWA"), Section 448.101-105, Fla. Stat..

4. At all times during Plaintiff's employment, Defendant has continuously had more than ten (10) employees under its employ and was an "employer" within the meaning of the FWA.

5. Plaintiff was employed by Defendant as a Store Manager, Training Store

Manager and Emerging Leader.

6. On or about March 5, 2007, Defendant's District Manager, Dan Goff, approached Plaintiff to issue him a performance evaluation. The performance evaluation was the most favorable evaluation available, and Plaintiff received a maximum pay increase.

7. When Plaintiff and Goff were alone, Goff said "I need something from you." Plaintiff replied, "ok, what." Goff said, "I need you to make that old bitch go away."

8. Plaintiff was aware that Goff was referring to Mary Dalton, a demoted employee at that store who was suing CVS for age discrimination and retaliation under the Florida Civil Rights Act of 1992. Goff had described Ms. Dalton previously as being very difficult for him (based on the lawsuit she had filed) and that she was a thorn in his side. Goff had also asked Plaintiff to engage in such targeted discipline in the past and was obviously asking Plaintiff to do it again, this time to Ms. Dalton.

9. Plaintiff asked Goff if he would support him (Plaintiff) in this effort. Goff said he would, but to not make it too obvious.

10. Goff also told Plaintiff during that meeting that the Company was going to settle the case with Ms. Dalton, but that they decided not to do so which made it clear to Plaintiff why Goff was asking Plaintiff to go to that store.

11. Goff's direction to Plaintiff to discipline and ultimately terminate Dalton's employment because Dalton had filed claims against Defendant constitutes a direction to Plaintiff to engage in unlawful retaliation against an employee of Defendant in violation

of the Florida Civil Rights Act of 1992.

12. On March 11, 2007, Plaintiff told Goff that he would not engage in targeted discipline of Ms. Dalton.

13. Within 30 days of this statement, Plaintiff was terminated from employment because he opposed and would not participate in the unlawful retaliation of Defendant's employee, Mary Dalton.

14. Plaintiff has retained the services of Shankman, Leone & Westerman, P.A. and is obligated to pay his legal counsel a reasonable fee and the costs incurred in the prosecution of this action.

## COUNT I

### (Retaliation-FWA)

15. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14.

16. Plaintiff's refusal to participate in and his opposition to the unlawful retaliation of Mary Dalton constitutes protected activity under the FWA, section, 448.102(3).

17. Defendant's termination of Plaintiff's employment constitutes a retaliatory personnel action within the meaning of Section 448.101(5).

18. Defendant's termination of Plaintiff's employment constitutes a violation of Section 448.102.

19. There were no legitimate, non-retaliatory reasons to justify Defendant's retaliatory acts with regard to Plaintiff's employment.

3

20. As a proximate result of Defendant's conduct, Plaintiff has suffered lost wages, bonuses and benefits of employment, embarrassment and emotional distress.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant and award Plaintiff his lost wages, bonuses and benefits of employment, front pay in lieu of reinstatement, and compensatory damages to the maximum extent allowed by law, and to enjoin Defendant from further violation of the FWA, and award Plaintiff his costs and attorneys' fees incurred in this action and such other relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

SHANKMAN, LEONE & WESTERMAN, P.A.

_____
David S. Shankman
Florida Bar No. 0940186
dshankman@slw-law.com
215 W. Verne Street, Suite A
Tampa, Florida 33606
Phone: (813) 258-1099; Fax: (813) 258-1040
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

PHILIP GORDON,

    Plaintiff,

v.

Case No: 07-4380CI

CVS PHARMACY, INC., a foreign corporation,

    Defendant.
_____/

    TO:  CVS PHARMACY, INC.
           c/o CT Corporation System, Registered Agent
           1200 South Pine Island
           Plantation, Florida 33324

    YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David S. Shankman
Florida Bar No. 0940186
SHANKMAN, LEONE & WESTERMAN, P.A.
215 W. Verne Street, Suite A
Tampa, Florida 33606-2320
Phone: (813) 258-1099; Fax: (813) 258-1040

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Date: __MAY 1 1 2007__

KEN BURKE, CLERK OF THE COURT
PINELLAS COUNTY, FLORIDA

KEN BURKE
CLERK CIRCUIT COURT
Clearwater, Pinellas County, FL 33756-5165
315 Court Street

By: /s/ LINDA PREIATO
       Deputy Clerk

# ATTACHMENT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PHILIP GORDON,**

    **Plaintiff**

**vs.**                                                  **CASE NO.:**

**CVS PHARMACY, INC.,**

    **Defendant**

_____/

### NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1446(d), this Notice is and shall serve as the written notice to all adverse parties that Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS"), filed this day a Notice of Removal to Federal Court of the above-captioned action from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. Attached to and included with this Notice are:

1.    CVS's Notice of Removal to Federal Court, as filed with the United States District Court for the Middle District of Florida, Tampa Division, which includes a copy of all process, pleadings, and orders served upon CVS in this action (Attachment 1);

2.    The Civil Action Cover Sheet filed with the United States District Court for the Middle District of Florida (Attachment 2); and

3.    CVS's Notice to State Court of Removal to Federal Court (Attachment 3).

    Respectfully submitted this 8th day of June 2007.

*/s/ Helen A. Palladeno*
Helen A. Palladeno
Florida Bar No.: 186831
Ignacio J. Garcia
Florida Bar No.: 423440
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.1
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
(813) 289-1247 (Telephone)
(813) 289-6530 (Facsimile)
Email: helen.palladeno@ogletreedeakins.com
Email: ignacio.garcia@ogletreedeakins.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing **NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT** on all parties by depositing the same in the United States first-class mail, postage prepaid, and addressed as follows:

David S. Shankman
SHANKMAN, LEONE & WESTERMAN, P.A.
215 W. Verne Street, Suite A
Tampa, Florida 33606

This 8th day of June, 2007.

*/s/ Helen A. Palladeno*
Helen A. Palladeno, Esq.

5002615.1

2

# ATTACHMENT 3

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

| | |
|---|---|
| PHILIP GORDON, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO.: 07-4380 CI |
| CVS PHARMACY, INC., | ) |
| Defendant | ) |

### NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS") filed removal papers with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, regarding the above-styled action, Case No. 07-4380CI. A copy of the Notice of Removal to Federal Court is attached hereto as Attachment 1. The Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court for the Middle District of Florida.

Respectfully submitted this 8th day of June 2007.

*Helen A. Palladeno*
Helen A. Palladeno
Florida Bar No.: 186831
SPN No.: 02427250
Email: helen.palladeno@ogletreedeakins.com
Ignacio J. Garcia
Florida Bar No.: 423440
Email: ignacio.garcia@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.1
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
(813) 289-1247 (Telephone)
(813) 289-6530 (Facsimile)
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing **NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT** on all parties by depositing the same in the United States mail, via first-class prepaid, and addressed as follows:

David S. Shankman
SHANKMAN, LEONE & WESTERMAN, P.A.
215 W. Verne Street, Suite A
Tampa, Florida 33606

This 8th day of June 2007.

*Helen A. Palladeno*
Helen A. Palladeno, Esquire

2