IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

PHILIP GORDON,

    Plaintiff,

v.                                                           Case No:

CVS PHARMACY, INC., a foreign
corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PHILIP GORDON ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, CVS PHARMACY, INC. ("Defendant"), for violations of the Florida Whistleblower Act, Section 448.101 et. seq., Fla. Stat., and in support thereof states as follows:

1. This is an action for damages in excess of $15,000.00.

2. Venue is proper in this Court, pursuant to Fla. Stat. § 47.011, in that Defendant is a foreign corporation conducting business in Pinellas County, Florida and the conduct complained of herein occurred in Pinellas County, Florida.

3. The legal basis for Plaintiff's claims is the Florida Whistleblower Act ("FWA"), Section 448.101-105, Fla. Stat..

4. At all times during Plaintiff's employment, Defendant has continuously had more than ten (10) employees under its employ and was an "employer" within the meaning of the FWA.

5. Plaintiff was employed by Defendant as a Store Manager, Training Store

Manager and Emerging Leader.

6. On or about March 5, 2007, Defendant's District Manager, Dan Goff, approached Plaintiff to issue him a performance evaluation. The performance evaluation was the most favorable evaluation available, and Plaintiff received a maximum pay increase.

7. When Plaintiff and Goff were alone, Goff said "I need something from you." Plaintiff replied, "ok, what." Goff said, "I need you to make that old bitch go away."

8. Plaintiff was aware that Goff was referring to Mary Dalton, a demoted employee at that store who was suing CVS for age discrimination and retaliation under the Florida Civil Rights Act of 1992. Goff had described Ms. Dalton previously as being very difficult for him (based on the lawsuit she had filed) and that she was a thorn in his side. Goff had also asked Plaintiff to engage in such targeted discipline in the past and was obviously asking Plaintiff to do it again, this time to Ms. Dalton.

9. Plaintiff asked Goff if he would support him (Plaintiff) in this effort. Goff said he would, but to not make it too obvious.

10. Goff also told Plaintiff during that meeting that the Company was going to settle the case with Ms. Dalton, but that they decided not to do so which made it clear to Plaintiff why Goff was asking Plaintiff to go to that store.

11. Goff's direction to Plaintiff to discipline and ultimately terminate Dalton's employment because Dalton had filed claims against Defendant constitutes a direction to Plaintiff to engage in unlawful retaliation against an employee of Defendant in violation

2

of the Florida Civil Rights Act of 1992.

12. On March 11, 2007. Plaintiff told Goff that he would not engage in targeted discipline of Ms. Dalton.

13. Within 30 days of this statement, Plaintiff was terminated from employment because he opposed and would not participate in the unlawful retaliation of Defendant's employee, Mary Dalton.

14. Plaintiff has retained the services of Shankman, Leone & Westerman, P.A. and is obligated to pay his legal counsel a reasonable fee and the costs incurred in the prosecution of this action.

## COUNT I

### (Retaliation-FWA)

15. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14.

16. Plaintiff's refusal to participate in and his opposition to the unlawful retaliation of Mary Dalton constitutes protected activity under the FWA, section, 448.102(3).

17. Defendant's termination of Plaintiff's employment constitutes a retaliatory personnel action within the meaning of Section 448.101(5).

18. Defendant's termination of Plaintiff's employment constitutes a violation of Section 448.102.

19. There were no legitimate, non-retaliatory reasons to justify Defendant's retaliatory acts with regard to Plaintiff's employment.

20. As a proximate result of Defendant's conduct, Plaintiff has suffered lost wages, bonuses and benefits of employment, embarrassment and emotional distress.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant and award Plaintiff his lost wages, bonuses and benefits of employment, front pay in lieu of reinstatement, and compensatory damages to the maximum extent allowed by law, and to enjoin Defendant from further violation of the FWA, and award Plaintiff his costs and attorneys' fees incurred in this action and such other relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

SHANKMAN, LEONE & WESTERMAN, P.A.

_(signature)_

David S. Shankman
Florida Bar No. 0940186
dshankman@slw-law.com
215 W. Verne Street, Suite A
Tampa, Florida 33606
Phone: (813) 258-1099; Fax: (813) 258-1040
Attorneys for Plaintiff