IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PHILIP GORDON,<br>Plaintiff<br><br>vs.<br><br>CVS PHARMACY, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.: 8:07-cv-989-SDM-<br>) EAJ<br>)<br>)<br>)<br>) |

## CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

DEFENDANT, CVS PHARMACY, INC. ("CVS" or "Defendant"), by and though its undersigned counsel, hereby files this Answer to the Complaint filed against it by Philip Gordon ("Gordon" or "Plaintiff"). Without waiving any of the defenses set forth below, or any other available defense, CVS answers the specific numbered paragraphs in Plaintiff's Complaint, using the same numbers therein, as follows:

1.  Defendant admits that Plaintiff claims damages in excess of $15,000.00 however denies any basis in law or fact to support such claims.

2.  Defendant admits that it is a Rhode Island Corporation conducting business in Pinellas County, Florida. Defendant admits that Plaintiff alleges that the complained-of conduct occurred in Pinellas County, Florida, but denies any wrongdoing. Defendant therefore admits that venue properly lies in this Court.

3. Defendant admits that Plaintiff purports to bring this action under the Florida Whistleblower Act, Fla. Stat. §§ 448.101 to 448.105, but denies any violation by Defendant.

4. Defendant admits that it is, and has been throughout Plaintiff's employment with CVS, an "employer" as defined by the Florida Whistleblower Act.

5. Defendant admits that Plaintiff was employed by Defendant as a Store Manager and Training Store Manager, and that he had been selected to participate in CVS's "Emerging Leader" program.

6. Defendant admits that Plaintiff received a performance evaluation from District Manager Dan Goff in March 2007. Defendant denies the remainder of Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies each and every allegation set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Mary Dalton is a plaintiff in a different lawsuit against CVS. Defendant denies the remainder of Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies each and every allegation set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies each and every allegation set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies each and every allegation set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies each and every allegation set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that Plaintiff was terminated from his employment with CVS on April 10, 2007. Defendant denies the remainder of Paragraph 13 of Plaintiff's Complaint.

14. Upon information and belief, Defendant admits that Plaintiff has retained Hankman, Leone & Westerman, P.A. as his legal counsel in this case. Defendant lacks sufficient information or knowledge to admit or deny, and therefore denies, the allegation regarding Plaintiff's obligation to pay his attorneys. Defendant denies the remainder of each and every allegation set forth in Paragraph 14 of Plaintiff's Complaint.

## COUNT I

## RETALIATION - FWA

15. Defendant reincorporates its responses to Paragraphs 1 through 14 above as if fully set forth herein.

16. Defendant denies each and every allegation set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies each and every allegation set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies each and every allegation set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies each and every allegation set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies each and every allegation set forth in Paragraph 20 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief set forth in the "WHEREFORE" Paragraph following Paragraph 20 of Plaintiff's Complaint, or to any relief of whatsoever nature.

Defendant admits that Plaintiff is demanding a jury trial however denies any basis in law or fact to support such claim.

### FIRST AFFIRMATIVE DEFENSE

To the extent some or all of the claims asserted in Plaintiff's Complaint fail to state a claim under which relief may be granted against the Defendant, such claim must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent some or all of Plaintiff's claims are barred by the equitable doctrines of estoppel and/or unclean hands such claims must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

To the extent the actions taken by Defendant were in good faith, Plaintiff's claims must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to notify Defendant about the alleged illegal activity, policy or practice as required under the Florida Private Whistleblower Statute, Plaintiff's Complaint must be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that this Court finds that Defendant committed a retaliatory personnel action, and that such action was predicated on grounds other than Plaintiff's exercise of a right protected under the Florida Private Whistleblower Statute, Plaintiff's Complaint must be dismissed.

## RESERVATION OF RIGHTS

Defendant reserves the right to plead and assert additional defenses as discovery or further assertions by Plaintiff should hereafter dictate.

Defendant denies each and every allegation and demand for relief not expressly admitted herein.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendant respectfully requests that:

(1) Plaintiff's claims be dismissed with prejudice in their entirety;

(2) Each and every prayer for relief contained in the Complaint be denied;

(3) Judgment be entered in favor of Defendant; and

(4) Defendant be awarded its attorney's fees, court costs and expenses created in the defense of this case, as well as any other relief the Court may deem just and proper.

DATED this 15th day of June, 2007.

                                    **s/ Ignacio J. Garcia**

Helen A. Palladeno
Florida Bar No. 186831
SPN No.: 02427250
Ignacio J. Garcia
Florida Bar No. 423440
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.I.
100 North Tampa Street
Suite 3600
Tampa, Florida 33602
Tel: 813-289-1247
Fax: 813-289-6530
Email: helen.palladeno@ogletreedeakins.com
Email: ignacio.garcia@ogletreedeakins.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this 15th day of June, 2007, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David S. Shankman
SHANKMAN, LEONE & WESTERMAN, P.A.
215 W. Verne Street, Suite A
Tampa, Florida 33606
dshankman@slw-law.com

Case 8:07-cv-00989-SDM-EAJ Document 5 Filed 06/15/07 Page 7 of 7 PageID 48

**s/ Ignacio J. Garcia**

Ignacio J. Garcia

7