**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

---

**FEDERAL COURT MEDIATION**
**DESCRIPTION OF THE PROCESS**

---

## MEDIATION CONTRASTED TO ARBITRATION

First of all, it is important to understand that mediation is not to be mistaken for just another form of our Court Annexed Arbitration Program. Although the goals of the latter program are more clearly set forth in Local Rule 8.01, it is sufficient here to observe that arbitration is designed to provide an alternate dispute resolution forum for a limited class of less complex civil cases <u>at the early stages</u> of the case.

In contrast to that program, mediation as defined in Chapter Nine of the Local Rules is designed to serve the interests of the more complex civil case which has not been arbitrated, which has completed most, if not all discovery requirements, and is set for trial.

## WHY THIS CASE IS BEING REFERRED TO MEDIATION

It is important for counsel to understand that the Court has coordinated its trial docket in an effort to ensure that this case will be tried as scheduled. However, given the statistical reality that over 80% of all scheduled trials settle prior to the morning of trial, the Court has a duty to the other cases on its docket to ensure that all possible avenues of settlement in this case are explored prior to trial.

Although the importance of coordinating the Court's trial calendar cannot be over emphasized, the Court is also cognizant of the successful settlement record for mediation in similarly complex and protracted cases, both on a pilot basis in this Court and in the Florida state courts. With nearly two years experience behind the state court mediation program, the statistics demonstrate that nearly 70% of all mediated cases settle at the mediation conference. Settlement rates in this Court have been significantly higher. Consequently, the Court has determined that mediation is the best and most appropriate forum in which to consider the possibilities for settlement in this particular case.

## WHAT IS MEDIATION

Mediation is a supervised settlement conference presided over by a qualified, certified and neutral mediator who suggests alternatives, analyzes issues, questions perceptions, uses logic, conducts private caucuses, stimulates negotiations between opposing sides, and keeps order.

Mediation is also a docket and litigation management tool which has proved successful in securing a high percentage of settlements on an amicable basis without the expense, exposure, and uncertainty of trial. Mediation has proven to be most effective when it is conducted within 45 days of the scheduled trial date, when discovery is substantially complete, and the parties are fully informed as to their respective positions.

The mediation conference is conducted either in a courtroom or conference room at the United States Courthouse, rather than in the adversarial environment of a law office. During the mediation process, private rooms or offices are made available for individual caucuses and conferences.

The mediation process itself is intended to be informal in nature, while the actual ebb and flow of the process is structured by the mediator. Unlike arbitration, which results in an award and possible judgment, the only result of the mediation conference is the agreement of the parties. Although the mediation process is inherently flexible, as a rule, the following guidelines apply to the conduct of the mediator:

The mediator will:

-- Be impartial.
-- Suggest alternatives.
-- Have private meetings or caucuses with the attorneys, parties, corporate representatives and claims professionals.
-- Assist in clearly identifying the issues.
-- Privately debate each side's logical basis and perceptions.
-- Respect confidential and/or privileged information.
-- Allow the parties to negotiate.
-- Guide the parties and counsel in finalizing a specific settlement agreement.

The mediator will not:

-- Act as a judge or arbitrator.
-- Rule upon questions of fact or law.
-- Render a decision or award.
-- Hear testimony.

Trial counsel and the parties, to include corporate representatives and necessary claims professionals, are required to appear and participate in the mediation process, and must attend the conference with complete authority to compromise and settle the action. Participants are required to remain and participate in the mediation conference until a settlement is reached or an impasse is declared. The parties, with the consent of the mediator, agree to continue the mediation conference to a date certain prior to the regular schedule trial date, or the mediator declares an impasse. As a rule, the mediation process usually lasts somewhere between 3-5 hours.

**WHO ARE THE MEDIATORS**

Court appointed mediators have been certified by the Chief Judge pursuant to Local Rule 9.02. Each mediator has demonstrated the unique qualities required to effectively facilitate the mediation process and each has already completed the 40 hour Florida Circuit Court Mediation certification program.

**HOW ARE MEDIATORS COMPENSATED**

   Unless otherwise agreed by the parties, the mediator is paid $150.00 per hour of service, and the cost is borne equally by the parties. Payment is coordinated by lead counsel and is made directly to the mediator. Experience has shown that the average cost of the mediation conference is approximately $200 per party.

**WHAT ARE THE ADVANTAGES OF MEDIATION**

**Advantages for the Court:**

1. Docket management and control.

2. Resolves the case without the necessity of additional judicial labor for trial.

3. The dispute is resolved early and not on the eve of trial, thereby allowing the Court to schedule other cases in the allotted time.

4. Voluntary settlements as a result of bargaining by the parties usually do <u>not</u> need post trial enforcement proceedings or appeal and resolve all outstanding issues between the parties.

5. Citizens and attorneys are more satisfied with the "system."

**Advantages for the Attorneys:**

1. Enables them to negotiate a settlement which may be more favorable than their expected result at trial.

2. Facilitates negotiation--forces the creation of an event at which both sides must negotiate in good faith.

3. Accomplishes the goal of the client without a disproportionate expenditure of attorney's fees.

4. Client satisfaction--enables the attorneys to deliver a product (resolution of the dispute) favorable to their client with which their client is satisfied.

5. Provides more effective use of the attorney's time.

6. Protection of having the client participate in the negotiation process.

7. Durable agreement--no appeal--no collection problem.

8. Prevents settlement negotiation distraction during trial process.

**Advantages for the Parties:**

1. Allows them some management control over the resolution of the dispute.

2. Prevents the unlimited exposure and uncertainty of a trial.

    3.      Allows them to exert some informed direct influence over the outcome of the dispute after observing the other attorney, the other party, and hearing a capsule discussion of the case with a neutral outsider.

    4.      Avoids the expense of final trial preparation and trial.

    5.      Allows the party to bargain through counsel for certain key elements which are extremely important in exchange for other elements which are less important. The Court would make a decision without knowledge of or regard for these key elements.

    6.      Each side gets to see the other's best offer and the parties can decide to take it or litigate.

    7.      Enables a party to stop an expenditure of time and personal involvement in the litigation and therefore, exert energies to other business pursuits or other normal activities.

**WHAT DOES A MEDIATOR REPORT TO THE COURT?**

Within five days of the conclusion of a mediation conference, the mediator files a mediation report indicating whether all required parties were present. The report also indicates whether the case settled, was continued with the consent of the parties, or whether the mediator declared an impasse. Attached is a mediation report form which may be used for this purpose.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
_____ DIVISION

Plaintiff(s),

v.                                         CASE NO. _____

Defendant(s).
_____/

**MEDIATION REPORT**

In accordance with the Court's mediation order(s), a mediation conference was held on _____, 19____, and the results of that conference are indicated below:

(a)   The following individuals, parties, corporate representatives, and/or claims professionals attended and participated in the mediation conference, and each possessed the requisite settlement authority:

_____   All individual parties and their respective trial counsel.

_____   Designated corporate representatives.

_____   Required claims professionals.

(b)   The following individuals, parties, corporate representatives, and/or claims professionals failed to appear and/or participate as ordered:

_____
_____
_____
_____
_____
_____
_____
_____

**MEDIATION REPORT**
    Page 1
**(Attachment to Mediation Order) (Rev. 7/93)**

_____
_____
_____
_____
_____
_____
_____
_____

      (c)      The outcome of the mediation conference was:

_____ <u>The case has been completely settled</u>. In accordance with Local Rule 9.06(b), lead counsel will promptly notify the Court of settlement in accordance with Local Rule 3.08 by the filing of a settlement agreement signed by the parties and the mediator within ten (10) days of the mediation conference.

_____ <u>The case has been partially resolved</u> and lead counsel has been instructed to file a joint stipulation regarding those claims which have been resolved within ten (10) days. The following issues remain for this Court to resolve:
_____
_____
_____
_____
_____
_____
_____
_____

_____ <u>The conference was continued</u> with the consent of all parties and counsel. The mediation conference will be held on a date certain not later than ten (10) days prior to the scheduled trial date. Any continuance beyond that time must be approved by the presiding Judge. Mediation Reports will be filed after additional conferences are complete.

_____ <u>The parties have reached an impasse</u>.

    Done this _____ day of _____, 19_____, in _____, Florida.

_____
                                                                   Signature of Mediator

**MEDIATION REPORT**
    Page 2
**(Attachment to Mediation Order) (Rev. 7/93)**

_____   Name of Mediator



_____
_____
_____
_____   Mediator's Mailing Address/Telephone Number

cc: Counsel of Record and
    Unrepresented Parties